USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRICKLAYERS' & ALLIED CRAFTWORKERS LOCAL #2 ALBANY, NY PENSION FUND, | |
| Plaintiff, | **22 Civ. 1014 (VM)** |
| - against - | **DECISION AND ORDER** |
| NEW ORIENTAL EDUCATION & TECHNOLOGY GROUP INC., MICHAEL MIHONG YU, ZHIHUI YANG, CHENGGANG ZHOU, | |
| Defendants. | |
| ANDRES MIJARES-ORTEGA, | |
| Plaintiff, | **22 Civ. 1876 (VM)** |
| - against - | **DECISION AND ORDER** |
| NEW ORIENTAL EDUCATION & TECHNOLOGY GROUP INC., MICHAEL MIHONG YU, ZHIHUI YANG, CHENGGANG ZHOU, | |
| Defendants. | |

**VICTOR MARRERO, United States District Judge.**

Before the Court are pending motions from (1) Pavers & Road Builders District Council Pension Fund ("Pavers & Road Builders"); (2) Granite Point Capital 8 Dragons China Opportunities Fund, Granite Point Capital Master Fund, Granite Point Capital Scorpion Focused Ideas Fund (collectively, "Granite Point"); (3) Public Employees' Retirement System of Mississippi ("Mississippi PERS"); (4) Potrero LLC ("Potrero"); and (5) ACATIS Investment Kapitalverwaltungsgesellschaft mpH ("ACATIS"); and (5) Neng Guo ("Guo") for the consolidation of cases and approval of a

1

lead plaintiff and lead counsel under the Private Securities Litigation Reform Act ("PSLRA").[1] (See Dkt. Nos. 10, 13, 17, 21, 25, 29.[2]) After all motions were filed, Potrero and Guo filed notices of non-opposition to the competing motions for appointing lead plaintiff, in recognition of the fact that they did not suffer the greatest financial loss. (See Dkt. Nos. 33, 34.) Pavers & Road Builders filed a response that did not expressly note its non-opposition but acknowledged that it did not suffer the greatest financial loss. (See Dkt. No. 35.) Granite Point, Mississippi PERS, and ACATIS filed briefs opposing all other parties' appointment as lead plaintiff. (See Dkt. Nos. 36, 37, 39.)

After considering these submissions, as well as the related material presented in the record, the Court hereby appoints ACATIS as lead plaintiff and appoints Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as lead counsel.

---

[1] A sixth motion was timely filed by Elias J. Anaissie (see Dkt. No. 6) but was subsequently withdrawn. (See Dkt. No. 40.)

[2] Unless otherwise noted, all docket entry numbers refer to the docket for the earlier filed of the two matters, Bricklayers' & Allied Craftworkers Local #2 Albany, NY Pension Fund v. New Oriental Education & Technology Group, Inc., Chenggang Zhou, Michael Minhong Yu, and Zhihui Yang, No. 22 Civ. 1014.

## I.   BACKGROUND[3]

On February 3, 2022, Plaintiff Bricklayers' and Allied Craftworkers Local #2 Albany, NY Pension Fund filed this action on behalf of all persons who purchased New Oriental American Depository Shares ("ADS shares") between April 24, 2018 and July 22, 2021 (the "Class Period), alleging New Oriental Education & Technology Group Inc. ("New Oriental") and certain senior officers violated the Securities Act of 1934 (the "Securities Act"). On March 4, 2022, Andres Mijares-Ortega filed suit against the same parties, on behalf of the same purported group of people, alleging the same securities law violations over the same Class Period. New Oriental is a Cayman Islands corporation, headquartered in Beijing, China, whose ADS shares are traded on the New York Stock Exchange. New Oriental provides private educational and tutoring services in China, operating both online and in over 120 schools and 1,500 learning centers across the nation.

Several times throughout the Class Period, the Chinese government implemented new regulations impacting the tutoring industry. Acknowledging that these regulations were of material importance to investors, in its filings with the Securities and Exchange Commission ("SEC"), New Oriental

---

[3] All background is drawn from the complaint ("Complaint," Dkt. No. 1), and except where directly quoted, no further citations to the Complaint will be made.

continuously asserted its compliance with government
regulations. But despite these reassurances, the Complaint
alleges New Oriental "routinely engaged in illicit business
practices designed to artificially inflate the Company's
financial results." (Complaint ¶ 22.) In short, it is alleged
that New Oriental made materially false and misleading
statements and omitted to share material information
throughout the Class Period. New Oriental continued to,
allegedly, misrepresent its business practices and downplay
the severity of impending regulatory changes despite numerous
media reports that the Chinese government was implementing
harsher rules and regulations.

On June 1, 2021, the Chinese government announced it had
fined several tutoring companies, including New Oriental, for
"illegal activities such as false advertising and fraud."
(Id. ¶ 72.) A month later, China revealed its education
overhaul, which included a new prohibition on "companies that
teach the school curriculum from making profits, raising
capital, or going public," (id. ¶ 75,) essentially banning
for-profit tutoring. New Oriental's stock plummeted 70
percent after this news release, and the value of its ADS
shares had fallen over 90 percent in five months.

Stemming from this course of events, the Complaints
allege (1) violations of Section 10(b) of the Securities Act

and Rule 10b-5; and (2) violations of Section 20(a) of the Securities Act.

## II.   LEGAL STANDARD

As a procedural matter, the PSLRA dictates that once a complaint is filed, "the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class," including the claims asserted and the purported class period. 15 U.S.C. § 78u-4(a)(3)(A)(i).  No later than 60 days after the publication of this notice, any member of the purported class may move to serve as lead plaintiff of the class. Id.

The PSLRA directs courts to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the most adequate plaintiff "is the person or group of persons who (1) filed the original complaint or filed a motion in response to the notice; (2) in the determination of the court, has the largest financial interest in the relief sought by the class; and (3) otherwise meets the requirements of Rule 23 of the Federal Rules of Civil Procedure." Balestra v. ATBCOIN LLC, No. 17 Civ. 10001, 2019 WL 1437160, at *11

(S.D.N.Y. Mar. 31, 2019). This presumption may be rebutted
upon a showing that the presumptive "most adequate plaintiff"
either "will not fairly and adequately protect the interests
of the class," or (b) "is subject to unique defenses that
render such plaintiff incapable of adequately representing
the class." Id. § 78u-4(a)(3)(B)(iii)(II).

To determine which movant has the largest financial
interest, courts in this District overwhelmingly rely on the
four factors derived from In re Olsten Corp. Securities.
Litigation, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and Lax
v. First Merchants Acceptance Corp., 1997 WL 461036, at *5
(N.D. Ill. Aug. 11, 1997). Under Lax/Olsten, a court trying
to determine which defendant has the largest financial
interest looks at "(1) the total number of shares purchased
during the class period; (2) the net shares purchased during
the class period (in other words, the difference between the
number of shares purchased and the number of shares sold
during the class period); (3) the net funds expended during
the class period (in other words, the difference between the
amount spent to purchase shares and the amount received for
the sale of shares during the class period); and (4) the
approximate losses suffered." In re KIT Dig., Inc. Sec.
Litig., 293 F.R.D. 441, 445 (S.D.N.Y. 2013). Financial loss
is the most important element of the test, as the factors are

commonly treated in ascending order of importance. Id.; see also Cortina v. Anavex Life Sci. Corp., No. 15 Civ. 10162, 2016 WL 1337305, at *1 (S.D.N.Y. Apr. 5, 2016).

As for the Rule 23 requirements, at the lead plaintiff stage, movants need only make a preliminary, prima facie showing that adequacy and typicality are satisfied. KIT, 293 F.R.D. at 445. "[T]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA," Varghese v. China Shenghuo Pharm. Holdings, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008), and a "wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification." Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (modification in original) (internal quotations omitted).

Typicality is satisfied when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Topping v. Deloitte Touche Tohmatsu CPA, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (quotation omitted). The adequacy requirement is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed

lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." Id.

## III. DISCUSSION

A. Consolidation

Section 78u-4(a)(3)(B)(ii) of Title 15 of the United States Code requires the Court to decide any motions to consolidate one or more securities actions prior to the appointment of a lead plaintiff. Per Rule 42 of the Federal Rules of Civil Procedure, actions before a federal court may be consolidated where they involve "a common question of law or fact." Fed. R. Civ. P. 42(a). All parties in this matter agree that both related actions concern common issues of both law and fact, as both cases allege New Oriental and its officers violated the Securities Act and Rule 10b-5 by making materially false and misleading statements, as well as omitting material facts, during the same period from April 24, 2018 through July 22, 2021. Thus, the Court finds consolidation is appropriate and the motions to consolidate the cases is granted.

B. Appointment of Lead Plaintiff

Because all potential lead plaintiffs timely filed their motions to serve as lead plaintiff pursuant to 15 U.S.C. Section 78u-4(a)(3)(A), the Court focuses its discussion on

the latter two statutory factors for determining the most adequate lead plaintiff: (1) which prospective lead plaintiff has the "largest financial interest in the relief sought by the class" and (2) whether that plaintiff "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 1. ACATIS Has the Largest Financial Interest

Per the moving papers, ACATIS suffered the largest financial loss by a significant margin -- $8,599,214 compared to Granite Point's $3,464,461 loss and Mississippi PERS' $3,307,010. Similarly, ACATIS, having spent over 10 million dollars, expended the most funds during the Class Period. Granite Point purchased the largest number of shares, but ACATIS had the greatest number of net shares, meaning that three of the four Lax/Olsten factors weigh in favor of finding ACATIS has the largest financial interest. The Court also notes that neither Granite Point nor Mississippi PERS disputes that ACATIS has the greatest financial interest in this matter. Thus, after consideration of all relevant factors and the parties' submissions, the Court finds that ACATIS has the largest financial interest in this dispute, meaning it is the presumptive lead plaintiff so long as it satisfies the requirements of Rule 23.

   2. <u>ACATIS Meets the Requirements of Rule 23 and No
      Plaintiff Has Rebutted the Presumption</u>

   The PSLRA requires that the presumptive lead plaintiff
satisfy the requirements of Rule 23, but also notes that the
presumption may be rebutted by showing the presumptive
plaintiff fails to satisfy Rule 23. So the presumption may be
rebutted upon a showing that the presumptive "most adequate
plaintiff" does not meet Rule 23's adequacy and typicality
requirements, or in other words, that the party (a) "will not
fairly and adequately protect the interests of the class," or
(b) "is subject to unique defenses that render such plaintiff
incapable of adequately representing the class." 15 U.S.C. §
78u-4(a)(3)(B)(iii)(II). The Court is not persuaded that
Mississippi PERS, Granite Point, or any other plaintiff has
shown ACATIS meets either of those standards -- and that
ACATIS does *not* meet the Rule 23 requirements -- at this stage
in the litigation. See <u>In re Fuwei Films Sec. Litig.,</u> 247
F.R.D. 432, 436 (S.D.N.Y. 2008).

   As explained, a moving plaintiff need only make a
preliminary showing of adequacy and typicality, and a
district court should not conduct a full Rule 23 inquiry at
the lead-plaintiff-appointment stage. See <u>Weinberg</u>, 216
F.R.D. at 252. Here, ACATIS has made the preliminary showing
of typicality by explaining that it purchased New Oriental

                            10

ADS shares during the Class Period, relied on New Oriental's alleged misrepresentations, and suffered damages as a result -- the same injury alleged by the other class members, caused by the same conduct over the same time period. (See "ACATIS Motion," Dkt. No. 26, at 5–8.) ACATIS similarly demonstrated that it will serve as an adequate class representative because it has a significant interest in the outcome of the case, has not identified any interests antagonistic to other class members, and, as discussed below, has selected qualified, capable counsel.

Granite Point and Mississippi PERS do not attempt to rebut ACATIS's ability to fairly and adequately protect the class's interests, but argue that it would be an atypical lead plaintiff because it is subject to unique defenses. Specifically, they assert ACATIS lacks standing and had abnormal trading strategies due to its purchase of New Oriental ADS shares after partial corrective disclosures. The Court finds both of these arguments unpersuasive at this early stage in the litigation, where ACATIS's burden is minimal.

ACATIS explained in its motion papers that it has standing under the prudential exception to the standing doctrine, which, in the Second Circuit, is met when the plaintiff shows "(1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert

its own interests." W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP, 549 F.3d 100, 109 (2d Cir. 2008). ACATIS is an asset manager bringing suit on behalf of its injured investment fund, the Marco Polo Fund (the "Fund"). ACATIS has submitted, with its motion, a declaration of Professor Christoph A. Kern (the "Kern Declaration," Ex. B, Dkt. No. 27), a German law professor, which explains that, under German law, an investment management company has the authority to make all investment decisions for an investment fund. (See Kern Declaration at 5-6.) This meets the first prong of prudential standing, as it shows a close relationship between ACATIS and the Fund.

Professor Kern goes on to explain that not only does ACATIS have authority to sue on behalf of the Fund, but Fund actually lacks authority to sue on its own under German law. (See Kern Declaration at 7.) This satisfies the second element of prudential standing and shows that ACATIS is the *only* party that can assert its rights and sue on its behalf. This is enough on a motion for appointment as lead plaintiff. As discussed, even when faced with a standing challenge from another hopeful lead plaintiff, "a prospective lead plaintiff need only make a preliminary, *prima facie* showing that his or

her claims satisfy the requirements of Rule 23." <u>Fuwei Films</u>, 247 F.R.D. at 439.[4]

As for its trading strategies, Mississippi PERS argues ACATIS (and Granite Point) should not be appointed lead plaintiff because they purchased New Oriental ADS shares after partial corrective disclosures surfaced in the media. But Courts in this District have repeatedly appointed lead plaintiffs -- and certified classes -- where the lead plaintiff purchased stock after corrective disclosures, especially when those disclosures are "third-party report[s] that remained unconfirmed by [the company] itself" like the reports here. <u>Goldstein v. Puda Coal, Inc.</u>, 827 F. Supp. 2d 348, 355 (S.D.N.Y. 2011). So Mississippi PERS's argument does not rebut ACATIS's status as presumptive lead plaintiff. The issue may be explored in greater depth during a future motion for class certification, but at this stage in the litigation, the Court merely looks at whether there is anything to suggest

---

[4] The fact that ACATIS submitted a declaration stating that the Fund could not bring a claim on its own behalf distinguishes this case from this Court's prior decision in <u>Plymouth County Retirement Association v. Innovative Technology, Inc.</u>, No. 21 Civ. 4390, 2021 WL 4298191, at *5 (S.D.N.Y. Sept. 21, 2021). In <u>Plymouth County</u>, the prospective lead plaintiff failed to make any showing on the second factor of prudential standing. The case at hand is, instead, more similar to <u>In re Viviendi Universal, S.A. Securities Litigation</u>, 605 F. Supp. 2d 570, 578 (S.D.N.Y. 2009), where the Court looked to supporting declarations to conclude that German investment funds "have no control over the assets held by the funds and the funds are not legal entities that [can] bring suit," so the investment management companies had prudential standing to sue on the funds' behalf. <u>Id.</u>

the plaintiff's "claims are markedly different from other class members," and here there is nothing to suggest that is the case. In re Gentiva Sec. Litig., 281 F.R.D. 108, 121 (E.D.N.Y. 2012).

The Court finds that ACATIS has adequately established the requirements of Rule 23 are satisfied, and because it also has the largest financial interest in the matter, its motion for appointment as lead plaintiff is granted.

C.   Lead Counsel

After the appointment of a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., No. 03 MDL 1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008) (quoting In re Cendant Corp. Litig., 264 F.3d 201, 276 (3d Cir. 2001)).

ACATIS has selected Bernstein Litowitz as lead counsel. Bernstein Litowitz has served as lead counsel in several PSLRA class actions before courts in this District, and it has provided the Court with an extensive firm resume detailing its qualifications and past success in representing class

interests and securing significant recoveries for injured shareholders. (See Ex. F, Dkt. No. 27.) The Court is persuaded that Bernstein Litowitz can capably represent the class here, given the firm's experience in litigating class action lawsuits. Accordingly, the Court approves of the ACATIS's selection of Bernstein Litowitz as its choice of lead counsel. See, e.g., In re Tarragon Corp. Sec. Litig., No. 07 Civ. 7972, 2007 WL 4302732, at *2 (S.D.N.Y. Dec. 6, 2007) (approving counsel based on "affidavit setting forth [the] law firm's experiences as class counsel").

## ORDER

For the reasons stated above, it is hereby

**ORDERED** the motion of ACATIS Investment Kapitalverwaltungsgesellschaft mbH ("ACATIS") for consolidation of cases 22 Civ. 1014 and 22 Civ. 1876 (Dkt. No. 25) is hereby **GRANTED**, and the Clerk of Court is respectfully ordered to consolidate the cases; and it is further

**ORDERED** the motion of ACATIS for appointment of lead plaintiff for the proposed class in this action (Dkt. No. 25) is **GRANTED**; and it is further

**ORDERED** the motion of the ACATIS for appointment of Bernstein Litowitz Berger & Grossmann LLP as lead counsel for the class is **GRANTED**; and it further

15

**ORDERED** that all other motions for the appointment of lead plaintiff or lead counsel (Dkt. Nos. 10, 13, 17, 21, 29) are **DENIED**.

**SO ORDERED.**

Dated:    May 13, 2022
          New York, New York


                                        _____
                                             Victor Marrero
                                               U.S.D.J.