# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re New Oriental Education & Technology Group Inc. Securities Litigation | Civil Action No. 1:22-cv-01014-VM <br><br> **AFFIDAVIT OF THOMAS R. MCLEAN** |
|---|---|

**AFFIDAVIT OF THOMAS R. MCLEAN**

I, Thomas R. McLean, being duly sworn, declare under penalty of perjury:

1. I am an attorney, process server, and international law consultant employed since 2016 by Legal Language Services ("LLS"), an international litigation support firm located in Leawood, Kansas. LLS routinely assists its clients with international service of process worldwide, including service upon individuals located in the People's Republic of China ("China").

2. I have intimate, first-hand knowledge of China's legal system, including the enforcement of domestic and foreign judgments and the recovery of assets within mainland China. I have also served as a process server and international law consultant in cases like this one involving litigation against senior executives and corporations in China. My experience in this field spans seven years.

3. I have been asked to opine on certain issues relating to the process, practicality, and timeframe of serving Chinese individuals with a U.S. lawsuit through the *Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* ("Hauge Convention"). The opinions set forth in this affidavit are my own and are based on my experiences as a process server and international law consultant outlined above, my research into serving individuals in China under the Hague Convention, and the results of various cases that I have worked on with circumstances similar to this case.

4. China is a signatory to the Hague Convention, an international treaty regulating service of process among member nations. Accordingly, service of process to individuals in China must be pursuant to the Hague Convention. *Volkswagenwerk Aktiengesellschaft* v. *Schlunk*, 486 U.S. 694 (1988).

5. Pursuant to its Declarations to the Hague Convention, China only allows defendants to be served via the Chinese government. Foreign plaintiffs must submit a Hague Request for Service to the Chinese Central Authority ("CCA") within the Ministry of Justice ("MOJ") in Beijing, China. This Request must include the defendant's address—without it, it is impossible for a foreign plaintiff to serve a defendant in China. The Hague Convention does not apply where the defendant's address is unknown, which in turn renders any service to a Chinese defendant impossible.

6. I understand that counsel for Lead Plaintiff ACATIS Investment Kapitalverwaltungsgesellschaft mbH ("Lead Plaintiff") has not been able to identify the personal addresses for Michael Minhong Yu, Chenggang Zhou, and Zhihui Yang (collectively, the "Executive Defendants"). Under China's strict data privacy laws, attempting to obtain an individual's residential address can be considered a criminal act. Accordingly, Lead Plaintiff cannot resort to the Hague Convention to effectuate service.

7. Further, even though service through the Hague Convention cannot be used in this case for the reasons noted above, in cases where a defendant's address is known, service through the Hague in China is a very lengthy process. For example, even after accomplishing service in China, it often takes 10 to 12 months just to successfully obtain proof of service.

8. I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: January 6, 2023

Thomas R. McLean, Esq.