

Case 1:22-cv-01014-JHR   Document 86   Filed 08/24/23   Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE NEW ORIENTAL EDUCATION & TECHNOLOGY GROUP INC. SECURITIES LITIGATION

22 Civ. 01014 (JHR)

MEMORANDUM OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

Before the Court is the motion of Lead Plaintiff ACATIS Investment Kapitalverwaltungsgesellschaft mbH ("Lead Plaintiff") for alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3). Defendant New Oriental Education & Technology Group Inc. ("New Oriental") opposes. Through New Oriental's U.S.-based counsel, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), Lead Plaintiff seeks to serve individual Defendants Michael Minhong Yu, founder and Board Chairman of New Oriental; Chenggang Zhou, New Oriental's Chief Executive Officer; and Zhihui Yang, New Oriental's Chief Financial Officer (collectively, the "Executive Defendants")—all of whom reside in China.[1]

For the reasons stated below, Lead Plaintiff's motion is GRANTED.

---

[1] Lead Plaintiff argues that "New Oriental . . . lacks standing to object to alternative service on the Executive Defendants," ECF No. 70 (Lead Pl.'s Br.) at 12, because "[c]o-defendants do not have standing to assert improper service claims on behalf of other defendants," *id.* (alteration in original) (quoting *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 114 (S.D.N.Y. 2010)). While maintaining that it has standing to challenge this motion, New Oriental alternatively requests that the Court consider it an amicus curiae. *See* ECF No. 73 (Opp. Br.) at 10-11. In the absence of any other adversarial briefing, the Court has considered New Oriental's opposition. *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (considering corporate defendant an amicus curiae and accepting its opposition to motion to serve executive defendants through corporate defendant's counsel); *see also Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 11 Civ. 6746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) ("District courts have broad discretion to permit or deny an appearance as amicus curiae in a case.").

## I. DISCUSSION

Ordinarily, service on defendants residing abroad is effected through the Hague Convention. Fed. R. Civ. P. 4(f)(1).[2] However, "the Hague Convention does not apply . . . where 'the address of the person to be served with the document is not known to the party serving process.'" *Kyjen Co. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to the Complaint* (*Kyjen Co. II*), No. 23 Civ. 612 (JHR), 2023 WL 2330429, at *2 (S.D.N.Y. Mar. 2, 2023) (quoting *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 Civ. 4914 (JFK), 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017)). An address is "not known" if "the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14 Civ. 1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018).

While "reasonable diligence" is a fact-specific inquiry, "[c]ourts in this district have consistently held that multiple modes of attempted contact typically are required." *Kyjen Co. II*, 2023 WL 2330429, at *3 (citing cases); *see also Kelly Toys Holdings, LLC v. Top Dep't Store*, No. 22 Civ. 558 (PAE), 2022 WL 3701216, at *7 (S.D.N.Y. Aug. 26, 2022) (plaintiff exercised reasonable diligence through "extensive and multi-dimensional efforts"); *Shen*, 2018 WL 4757939, at *4 (plaintiff exercised reasonable diligence by "research[ing defendants'] websites

---

[2] In contending that Lead Plaintiff must first attempt service through the Hague Convention, New Oriental argues "this Court has recognized" that "compliance with the [Hague] Convention is mandatory." Opp. Br. 2 (citing *Kyjen Co. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to the Complaint* (*Kyjen Co. I*), No. 23 Civ. 612 (JHR), 2023 WL 1345781, at *2 (S.D.N.Y. Jan. 31, 2023)). In fact, in explaining that, "because the Hague Convention applie[d], alternative service [could] not contravene it," *Kyjen Co. I*, 2023 WL 1345781, at *2, the Court simply restated a limitation under Rule 4(f)(3), *see* Fed. R. Civ. P. 4(f)(3) (alternative service may not be "prohibited by international agreement").

. . ., complet[ing] multiple Internet-based searches, call[ing] known phone numbers, and conduct[ing] in-person visits where reasonable"); *Prediction Co. v. Rajgarhia*, No. 09 Civ. 7459 (SAS), 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010) (plaintiff exercised reasonable diligence by "actively, though unsuccessfully, attempt[ing] to obtain [defendant's] address in a variety of ways").  Here, Lead Plaintiff has exercised reasonable diligence by (1) "conduct[ing] an extensive investigation using public records and databases[3] to identify addresses . . . of the Executive Defendants"; (2) "retain[ing] . . . a third-party agency" to "conduct[] a search of public corporate records in China, which sometimes includes addresses for individuals who are corporate officers"; and then (3) "dispatch[ing] an investigator to physically examine" the addresses returned in the corporate records search.  ECF No. 71-2 (Bitkower Aff.) ¶¶ 5-10.[4]  Despite these efforts, Lead Plaintiff was unable to identify any residential addresses for the three Executive Defendants.

Citing no authority, New Oriental argues that Lead Plaintiff should attempt service through the Hague Convention on the Executive Defendants' *business* addresses.  *See* Opp. Br. 5.  That argument fails.  With respect to serving individuals, courts routinely interpret "address," as used in the Hague Convention, to refer to "the actual, current place where [defendant] *lives*." *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 145 (S.D.N.Y. 2021) (emphasis added) (holding that the individual defendant was not properly served via the

---

[3] New Oriental maintains that "using only public records does not rise to the required level of 'reasonable diligence.'"  Opp. Br. 7.  There is no requirement, however, that Lead Plaintiff consult (unnamed) private databases.  *See Shen*, 2018 WL 4757939, at *5 (rejecting argument that plaintiff must consult additional sources of information because defendant "d[id] not demonstrate that this information was public or readily available to Plaintiff at the time it attempted to locate Defendants for the purposes of service").

[4] The addresses returned for Executive Defendant Zhou were identified as belonging to New Oriental and thus were not physically examined.  *See* Bitkower Aff. ¶ 7.

Hague Convention, despite having been served at his "apartment in the United Kingdom," because he "d[id] not reside in the United Kingdom and the country in which he [did] reside is not a Hague Convention signatory"); *see also Kramer v. Romano*, No. 14 Civ. 06790 (MWF), 2015 WL 13918860, at *3 (C.D. Cal. Sept. 22, 2015) ("Given the absence of binding case law or compelling arguments to the contrary, the Court concludes that the [business] address does not qualify as the 'address of the person to be served' such that Plaintiffs would be required to proceed with service through the Hague Convention."); *W. Supreme Buddha Ass'n v. Oasis World Peace & Health Found.*, No. 08 Civ. 1374, 2011 WL 856378, at *1 (N.D.N.Y. Mar. 9, 2011) (holding that alternative service is appropriate where "investigator . . . uncovered locations where [Defendants] are believed to be working, yet failed to find a permanent residential address for either individual"); *Patel v. Socialist People's Libyan Arab Jamahiriya*, No. 06 Civ. 0626 (PLF), 2007 WL 9760177, at *4 (D.D.C. Apr. 19, 2007) ("[P]laintiffs provide no authority to suggest that service to a business address would be sufficient as service on an individual personally as a matter of Libyan law, the Hague Convention or any other legal authority that might be applicable in this case.").

Because the Executive Defendants' *residential* addresses are not known, the Hague Convention does not apply. The analysis does not end there, however. Alternative service on defendants abroad must not be "prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Moreover, alternative service must "comport with constitutional notions of due process," *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 267 (quotation marks omitted), which require it to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

Alternative service via corporate counsel is not "prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Even if the Hague Convention applied, service on the Executive Defendants through Skadden, a U.S.-based law firm, would not contravene it because the Hague Convention governs "only . . . transmittal [of documents] *abroad* that is required as a necessary part of service." *Schlunk*, 486 U.S. at 707 (emphasis added). When executing service via U.S.-based corporate counsel, "no documents [will] be transmitted abroad." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 267.

To "comport with constitutional notions of due process," there must be "adequate communication between the individual and the attorney." *Id*. (quotation marks omitted). When it comes to serving a company's senior leadership through corporate counsel, "[c]ourts have sensibly held that service on a high-level employee's corporate . . . counsel . . . is 'reasonably calculated' to apprise the employee of the pendency of the action and therefore comports with due process." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013) (permitting service of subsidiary's chairman and CEO, and citing cases). In other words, "it is impossible to imagine that a corporation's attorney would not advise the corporation's Chairman and Chief Executive Officer of the fact that service destined for that officer had been made upon its attorney." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 267.[5]

"Even if the [Executive Defendants] are not actively involved in directing the litigation, their close connection to [New Oriental] makes it all but certain that when [they] are served

---

[5] New Oriental's reliance on *S.E.C. v. China Northeast Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379 (S.D.N.Y. 2014), is unavailing. In *China Northeast*, the Court denied the SEC's request for alternative service through corporate defendant's counsel "[b]ased on the lack of evidence suggesting any recent communication between [the individual defendant] and [the corporate defendant's] counsel." *Id.* at 399. Unlike here, however, the individual defendant in question was the company's "*former* director" (not a current executive). *Id.* at 383 (emphasis added).

5

through [Skadden], they will receive notice of the suit." *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 566 (C.D. Cal. 2012).[6]

## II. CONCLUSION

Accordingly, Lead Plaintiff's motion for alternative service, ECF No. 69, is GRANTED. Lead Plaintiff is permitted to serve the Executive Defendants through New Oriental's counsel.

The Clerk of Court is directed to terminate ECF Nos. 64 and 69.

SO ORDERED.

Dated: August 24, 2023
New York, New York

*[signature]*
JENNIFER H. REARDEN
United States District Judge

---

[6] In the absence of argument to the contrary, the Court concludes that a CFO's "close connection to [New Oriental] makes it all but certain that when" he, like the other Executive Defendants, is "served through [Skadden], [he] will receive notice of the suit." *Brown*, 285 F.R.D. at 566.